# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| Ash-har Quraishi, Marla Cichowski, and Sam Winslade, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 16-cv-1320 NAB<br>)<br>) |
| St. Charles County, Missouri, et. al. | )<br>) |
| Defendants. | ) |

## DEFENDANTS' REPLY TO PLAINTIFFS' MEMORANDUM
## IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs claim that the actions of Officer Michael Anderson constitute violations of their First, Fourth, and Fourteenth Amendment rights.  In making those claims, however, Plaintiffs ignore the facts that they have pleaded:  on August 13, 2014, Plaintiffs positioned themselves four blocks north and one and a half blocks west of the northern perimeter of the protest zone established by the St. Charles County Regional SWAT Team and the St. Louis County Police Department Tactical Unit.  ¶¶ 16, 17, 59.  Plaintiffs have admitted that several times that on August 13, 2014, citizens were given orders to disperse.  ¶¶ 31, 36, 255, 272, 293.  The Complaint nowhere alleges that the dispersal orders were illegal.  Therefore, Plaintiffs state a claim for violation of their civil rights *only if* this Court were to determine that enforcing a lawful dispersal order constitutes constitutional violations of the First, Fourth, and Fourteenth Amendment.  This is not the law, and this Court should grant Defendants' motion to dismiss Counts I through VI.

**I.    The claims against Officer Anderson, Counts I, III, and V, should be dismissed because they are official capacity claims again Officer Anderson.**

1

Plaintiffs focus on the pleading standard in arguing that Officer Anderson is appropriately on notice that he is being sued in his individual capacity, but the Eighth Circuit has "repeatedly stated the general rule: If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims. If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007) (alteration in original) (internal quotation marks and citations omitted). Therefore, Plaintiffs Civil Rights Complaint (Doc. 1) fails to name Officer Anderson in his individual capacity, and the claims against him should be dismissed. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007); *see Johnson v. Outboard Marine Corp.*, 172 F. 3d 531, 535 (8th Cir. 1999).

Plaintiffs further argue that Defendants' motion to dismiss the official-capacity claims is moot, but they are mistaken. The motion to dismiss is certainly not moot because Plaintiffs have not yet been granted leave to file their First Amended Complaint. Additionally, in the very case that Plaintiffs cite in support of their argument on mootness, the district court granted the motion to dismiss the official-capacity claims, stating: "Plaintiff has made a claim against the City, and therefore, the motion to dismiss will be granted to the extent the complaint seeks to sue Gerwitz in his official capacity." *McDonald v. City of Florissant*, No. 4:10CV987 CDP (E.D. Mo. Oct. 25, 2010). Here, too, the claims against Officer Anderson in his official capacity, Counts I, III, and V, should be dismissed.

**II.    Plaintiffs' First Amendment claims (Counts I and II) fail because their conclusory allegations are insufficient to withstand a Motion to Dismiss.**

Plaintiffs make much of the applicable pleading standard, but there is no disagreement between the parties that Federal Rule of Civil Procedure 8(a) requires a short and plain statement

2

of the facts showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). However, even under that standard, threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice. *Id.* at 678; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although courts must accept the factual allegations as true, they are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted approvingly by *Twombly*, 550 U.S. at 555); *see Iqbal*, 556 U. S. at 679. In evaluating a motion to dismiss, the court can "choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "A gallimaufry of labels, conclusions, formulaic recitations, naked assertions and the like will not pass muster." *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 934 (8th Cir. 2012).

Even accepting all of their factual allegations as true, Plaintiffs' allegations for their First Amendment claims are insufficient to survive a motion to dismiss. For example, the Ninth Circuit affirmed a the dismissal of a First Amendment claim in which a group of "anti-Bush protestors [who] chanted slogans and displayed signs in an orderly and peaceable manner" were subjected to "clubs, pepperspray bullets, and violent shoving" and forced to move several blocks from where they were protesting. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 965, 966 (9th Cir. 2009). That court explained that the test is to determine "whether Plaintiffs' allegation that the Agents ordered the relocation of their demonstration *because of* its anti-Bush message is plausible, not merely possible." *Id.* at 970. Despite plaintiffs' allegations that "pro-Bush demonstration on the west side of Third Street was allowed to continue without interruption, and no pro-Bush demonstrators were screened or otherwise inconvenienced," *id.* at 966, the court

3

concluded that "The bald allegation of impermissible motive on the Agents' part, standing alone, is conclusory and is therefore not entitled to an assumption of truth." *Id.* at 970.

The facts and reasonable inferences to be drawn in this case are much weaker than in *Moss*, so these claims should similarly be dismissed.  Plaintiffs' claims for violation of their First Amendment rights hinge on their conclusory allegations of what Officer Anderson "knew," ¶ 223, and what members of the SWAT Team "could see—and did in fact see." ¶ 71.  To be sure, members of the SWAT Team did eventually learn that Plaintiffs were members of the press and included that information in their reports.  ¶ 224, 225.  But the fact that some members of the SWAT Team eventually learned that Plaintiffs were members of the media does not support a claim that Officer Anderson's action was "for the purpose of abridging" Plaintiffs' First Amendment rights.  ¶ 229.  Instead, this Circuit has held that a "knew or should have known" allegation is not a fact entitled to an assumption of truth," but rather is an "unadorned accusation[]" in the complaint that must be "set aside" for purposes of a 12(b)(6) motion. *Christiansen*, 674 F.3d at 938.

Furthermore, Plaintiffs also allege similar targeting and treatment by members of the St. Charles County Regional SWAT Team of a man "who told police he was walking home from work and was not a protestor," much less a journalist or member of the press.  ¶ 41.  This makes Plaintiffs' allegation that Officer Anderson's action was "for the purpose of abridging" Plaintiffs' First Amendment rights even less plausible, and justifies dismissal of this claim.  For each of these reasons, therefore, Count I and II should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

4

### III. Plaintiffs do not sufficiently allege any unreasonable seizure, so their Fourth Amendment claims (Counts V and VI) should be dismissed.

Plaintiffs erroneously conflate the question of whether they were "seized" for purposes of the Fourth Amendment with the question of whether any seizure was constitutionally permissible. Even assuming, for purposes of argument, that Plaintiffs were "seized," they nonetheless fail to state a claim for violation of their constitutional rights.

Plaintiffs acknowledge several times in their Civil Rights Complaint that on August 13, 2014, citizens were given orders to disperse. ¶¶ 31, 36, 255, 272, 293. The Complaint nowhere alleges that the dispersal orders were illegal. Therefore, finding that Plaintiffs have stated a claim for violation of their Fourth Amendment Rights would mean that any seizure in the context of a civil disturbance is an unreasonable one. In other words, Plaintiffs' claim for violation of the Fourth Amendment requires this Court finding a constitutional violation of the Fourth Amendment any time law enforcement takes any action to enforce a lawful order that "terminates or restrains [a person's] freedom of movement 'through means intentionally applied,'" *see* ¶ 279 (quoting *Brendlin v. California*, 551 U.S. 249, 254 (2007)). This is not the law, and would drastically broaden Fourth Amendment liability. Plaintiffs' only allegations that this seizure was unreasonable, *see* ¶ 283-84, are textbook examples of legal conclusions that are not entitled to be accepted as true for purposes of a motion to dismiss. *Twombly*, 550 U.S. at 555. Therefore, Plaintiffs' Fourth Amendment claims should be dismissed for failure to state a claim.

### IV. The incident complained of does not implicate the Fourteenth Amendment, so those claims (Counts III and IV) should be dismissed.

5

Plaintiffs have cited no case—and Defendants are unaware of any case—that permits a claim arising from a law enforcement use of force to proceed as a claim under the Fourteenth Amendment. To be sure, the Plaintiffs are free to plead in the alternative. But this Court must still determine whether Plaintiffs' factual allegations state a claim for each claim the Plaintiffs present. Here, the cases cited by Plaintiff are unhelpful in supporting their claim that there was a violation of the Fourteenth Amendment here. *White v. Smith*, for example, involves a conspiracy to manufacture evidence and obtain false testimony during the investigation and prosecution of a murder. 696 F.3d 740, 743 (8th Cir. 2012). In *Moran v. Clarke*, a police officer alleged malicious prosecution and violation of his substantive due process rights by police officials and officers investigating him. 296 F.3d 638, 639 (8th Cir. 2002). Neither of these cases supports the proposition that a Fourteenth Amendment claim is applicable here.

Plaintiffs hang their hats on *City of Chicago v. Morales* in attempting to show that a fundamental right is implicated by their claims, but that reliance is misplaced. In *Morales*, the Supreme Court determined that a penal law was unconstitutionally void for vagueness, but the majority of the Court did not do so on Due Process grounds. Indeed, Plaintiffs mischaracterize and misquote *City of Chicago v. Morales*. The language Plaintiffs quote in their Memorandum in Opposition to Defendants' Motion to Dismiss ("it is well-settled that the freedom to loiter for innocent purposes is part of the 'liberty' protected by the Due Process Clause of the Fourteenth Amendment") does not appear as quoted anywhere in the opinion. Additionally, the discussion of the Due Process Clause, which occurs in Part III of the opinion, was joined by only two

Justices.  As that discussion failed to garner the support of a majority of the Court, it is therefore not part of the Opinion of the Court or the holding in that case.[1]  527 U.S. 41, 45, 51 (1999).

Overall, Plaintiffs' allegations fail to demonstrate that Officer Anderson's conduct was conscience shocking *and* that he violated one or more fundamental rights.  *Hall v. Ramsey Cty.*, 801 F.3d 912, 917 (8th Cir. 2015), *cert. denied sub nom. Hall v. Ramsey Cty., Minn.*, 136 S. Ct. 2379, 195 L. Ed. 2d 267 (2016).  Either of these shortcomings justifies dismissal of Plaintiffs' Fourteenth Amendment claims.  "To be conscience shocking, the government action must be truly irrational, that is, something more than arbitrary, capricious, or in violation of state law." *Draper v. City of Festus, Mo.*, 782 F.3d 948, 953 (8th Cir. 2015) (internal quotation and alteration omitted).  Even accepting each of Plaintiffs' allegations as true, the actions of Officer Anderson fall far short of the "irrational," "conscience-shocking" standard required by law, and these claims should be dismissed.

**V.    Plaintiffs' *Monell* claims fail because there was no notice of the allegedly unconstitutional conduct, and because there was no constitutionally deficient deliberate indifference to a need for training.**

Plaintiffs' claims for a "custom and practice or usage" of constitutional violations and for failure to train also fall short of the threshold required to survive a motion under Rule 12(b)(6).  In short, both types of claims require that the County have notice of unconstitutional conduct and an opportunity to take remedial action.  As to their custom and practice or usage claim, Plaintiffs fail to plausibly allege that County "officials had knowledge of prior incidents of police misconduct and deliberately failed to take remedial action."  *Pitts v. City of Cuba*, 913 F. Supp.

---

[1] On the contrary, an equal number of justices specifically dissented as to that point.  *See Morales*, 527 U.S. at 98 (Thomas, J., dissenting) ("The asserted freedom to loiter for innocent purposes, is in no way deeply rooted in this Nation's history and tradition.") (internal citation and quotation marks omitted).

2d 688, 702-03 (E.D. Mo. 2012) (internal quotation marks and citation omitted).  As to the failure to train, "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train. . . . Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (internal quotation marks and citations omitted).

Here, Plaintiffs' factual allegations begin at 5:40 p.m. on August 13, 2014 when the St. Charles County Regional SWAT Team left the command center, ¶ 12; each alleged instance of the St. Charles County Regional SWAT Team's unconstitutional conduct occurs after that time. *See* ¶¶ 258, 275, 296-97.  To survive a motion to dismiss, Plaintiffs would have to plausibly allege that on August 13, 2014 between 5:40 p.m. and 9:26 p.m., when Officer Anderson deployed his single round of 40 mm CS "tear gas," ¶ 77, County "officials had knowledge of [those] prior incidents of police misconduct" that had occurred within the previous four hours "and deliberately failed to take remedial action." *Pitts*, 913 F. Supp. 2d at 702-03 (internal quotation marks and citation omitted).  Plaintiffs make no such allegations, and they therefore fail to state a claim in Counts II, IV, and VI.[2]

---

[2] Plaintiffs rely on partial denial of a motion to dismiss in another Ferguson-related lawsuit, *White v. Jackson*, but that case is distinguishable.  For example, Plaintiffs in that case alleged that the August 9 shooting of Michael Brown "appeared to be an excessive use of force" and that "during the period of August 11-13, 2014, Defendants used wanton and excessive force, under color of law, which deprived Plaintiffs of rights secured under the Constitution and laws of the United States and state law."  Plaintiffs' Second Amended Complaint at ¶¶ 22, 24, *White v. Jackson*, No. 4:14CV1490 HEA 2015 WL 1189963 (E.D. Mo. Mar. 16, 2015).  In that case, Judge Autrey focused on the "allegations of a pervasive pattern of civil rights violations during the days in question," *White v. Jackson*, No. 4:14CV1490 HEA, 2015 WL 1189963 at * 4 (E.D. Mo. Mar. 16, 2015).  Plaintiffs acknowledge that, at best, the allegation here against the St. Charles County Regional SWAT Team is for "violations during the *day* in question."  Plaintiffs'

8

Contrary to Plaintiffs' argument, the facts they allege also fall far short of the constitutionally deficient deliberate indifference to training present in *City of Canton v. Harris*, 489 U.S. 378 (1989).  In *Harris*, the Court explained that, for example, "the need to train officers in the constitutional limitations on the use of deadly force can be said to be 'so obvious,' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights."  489 U.S. 378 at 390 n.10.  Training about constitutional limitations on the use of deadly force is not analogous to training on particular situations arising during a civil disturbance.  On the contrary, this case in much more like *Lytle v. Doyle* in which the Fourth Circuit found that "The situation here," in which Plaintiffs alleged that threatened arrest for their peaceful protest on a bridge constituted violations of their First and Fourteenth Amendment rights, "was hardly one that occurred with sufficient frequency such that a failure to properly train officers to handle it reflected a reckless indifference to the Lytles' rights."  326 F.3d 463, 474 (4th Cir. 2003).  This was even though there had been two other protests staged on the same bridge before the incident in question. *Id.* at 473.

Overall, Plaintiffs do not dispute that any Count related to a *Monell* violation should be dismissed if the Court dismisses the accompanying claim for the underlying constitutional violation.  In addition, however, Counts II, IV, and VI should still be dismissed even if the underlying claims go forward because Plaintiffs allegations fail to state claims for a "custom and practice or usage" of constitutional violations or for an unconstitutionally failure to train. *Davis v. White*, 794 F.3d 1008, 1014 (8th Cir. 2015); *see* ¶¶ 253, 258, 275.

WHEREFORE, County Defendants pray that Plaintiffs take nothing by this Complaint; that Counts I, II, III, IV, V, and VI of Plaintiffs' Civil Rights Complaint be dismissed with

---

Memorandum in Opposition to Defendants' Motion to Dismiss at 13 (internal alteration omitted) (emphasis added).

9

prejudice, for costs of suit herein, including reasonable attorneys' fees; and for such other and further relief as the Court may deem just and proper.

**OFFICE OF THE ST. CHARLES COUNTY COUNSELOR**

*/s/ Holly E. Ragan*

Holly E. Ragan #65118MO
Rory P. O'Sullivan #626388MO
Beverly E. Temple #36095MO
Associate County Counselors
100 N. Third Street
Suite 216
St. Charles, MO 63301
(636) 949-7540
hragan@sccmo.org
rosullivan@sccmo.org
btemple@sccmo.org

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of November, 2016, a true copy of the foregoing was delivered through the Court's Notice of Electronic Filing to:

Bernard J. Rhodes
LATHROP AND GAGE, LLP
2345 Grand Boulevard
Suite 2800
Kansas City, MO 64108

*/s/ Holly E. Ragan*
