IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Ash-har Qurashi, et al.,                   ) | |
|                                            ) | |
|           Plaintiffs,                      ) | |
|                                            ) | |
| vs.                                        ) | Case No.  16-cv-1320-NAB |
|                                            ) | |
| St. Charles County, Missouri, et al.,      ) | |
|                                            ) | |
|           Defendants.                      ) | |
|                                            ) | |

**VERIFIED MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
*DUCES TECUM* AND REQUEST FOR ORDER TO SHOW CAUSE FOR
NONCOMPLIANCE BY NON-PARTY FERGUSON POLICE DEPARTMENT**

Plaintiffs Ash-har Qurashi, Marla Cichowski and Sam Winslade, pursuant to Federal Rule of Civil Procedure 45, move this Court for an order compelling the Ferguson Police Department to (i) immediately and fully comply with the subpoena *duces tecum* served upon it on October 31, 2016, and (ii) show cause why it should not be found in contempt for noncompliance. In support of their request, Plaintiffs state as follows:

**Plaintiff's Claims**

1. This case arises from events occurring in Ferguson, Missouri on August 13, 2014, during which police shot at Plaintiffs with rubber bullets and tear gas. *See* ECF No. 1.

2. Plaintiffs' Complaint names St. Charles County Police Officer Michael Anderson as the person firing the tear gas round, but states the identity of the shooter(s) of the rubber bullets was unknown and therefore, identifies that shooter(s) as "Unknown Police Shooter #1" and "Unknown Police Shooter #2." *See* ECF No. 1.

27504708v3

**Plaintiffs Subpoena the Ferguson Police Department**

3. In an effort to identify "Unknown Police Shooter #1" and "Unknown Police Shooter #2," Plaintiffs served a subpoena *duces tecum* upon numerous local police departments, including the Ferguson Police Department, on October 31, 2016. **Exhibit A** (Subpoena to Ferguson Police Department); **Exhibit B** (Proof of Service).

4. Pursuant to Federal Rule of Civil Procedure Rule 45(a)(1)(A)(i)–(iii), the Subpoena stated the court from which it was issued; stated the title of the action and its civil-action number; commanded the Ferguson Police Department to produce designated documents, electronically stored information, or tangible things in the Ferguson Police Department's possession, custody, or control on or before November 14, 2016 at 10:00 A.M.; and set out the text of Rule 45(d) and (e). *See* **Exhibit A**.

5. Additionally, the Subpoena was issued by Bernard J. Rhodes, an attorney authorized to practice in the Eastern District of Missouri. **Exhibit A** at 2; *see* Fed. R. Civ. P. 45(b)(1), 45(a)(3).

6. Last year, Commander Frank McCall of the Ferguson Police Department responded to the Subpoena by stating that the Ferguson Police Department's officers were not allowed out on the streets during the civil disturbance following the shooting of Michael Brown and, as a result, the Department had no documents responsive to the subpoena. ECF No. 35 at 3:11.

**The St. Louis County Police Department Produces Documents**

7. Earlier this year, the St. Louis County Police Department produced documents contradicting Commander McCall's statement. *See* **Exhibit C** (St. Louis County Police Documents).

8. Specifically, the St. Louis County Police Department's summary of events

2

on August 13, 2014 described numerous situations where Ferguson Police Department officers were actively on the streets and participating in arrests.  *See* **Exhibit C**.

9. This led Plaintiffs to believe the Ferguson Police Department was untruthful or noncompliant when it previously claimed it had no responsive documents.

**The Ferguson Police Department Refuses to Comply with the Subpoena**

10. Accordingly, On March 14, 2017, counsel for Plaintiffs sent a letter via e-mail to Commander McCall detailing the St. Louis Police Department's records and requesting the Ferguson Police Department conduct a further search for documents responsive to Plaintiffs' subpoena. *See* **Exhibit D** (Correspondence to Commander McCall).

11. Less than one hour later, Commander McCall responded stating that the Ferguson Police Department would review its records for responsive documents based on the additional information from the St. Louis County Police Department. *See* **Exhibit E** (E-mail exchange with Commander McCall).

12. On April 30, 2017, counsel for Plaintiffs notified the Ferguson Police Department that its continued failure to produce any responsive documents left Plaintiffs with no choice but to file the instant motion.  *See* **Exhibit E**.

13. Despite this statement, the Ferguson Police Department has failed to produce a single document in response to the subpoena.

**Request for Subpoena Enforcement and Show Cause Order**

14. A district court has inherent authority to enforce compliance with its lawful orders and mandates.  *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1341 (8th Cir. 1975).  A subpoena is a lawfully-issued mandate and it is within the court's power to

3

enforce. *Id.*

15. Additionally, Federal Rule of Civil Procedure 45(g) allows the issuing court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."

16. Contempt sanctions are available merely for initial disobedience of the subpoena and a prior court order compelling compliance is not invariably required. *Baranski v. United States*, No. 4:11-cv-123 CAS, 2014 WL 7335151 at *4 (E.D. Mo. Dec. 19, 2014) (quoting 9 Moore's Federal Practice § 45.62(3)).

17. Based on documents the St. Louis County Police Department produced, Plaintiffs believe the Ferguson Police Department possesses documents responsive to the Subpoena. Despite Plaintiffs' repeated requests, the Ferguson Police Department has failed to produce any documents requested by the Subpoena. At this point, it is apparent the Ferguson Police Department will not produce the requested documents unless ordered by the Court to do so.

18. Moreover, the Ferguson Police Department has not objected to the Subpoena or otherwise expressed a reason for its continued noncompliance. The Ferguson Police Department's failure to obey the Subpoena has delayed Plaintiffs discovery and caused Plaintiffs to incur additional costs in requesting the Ferguson Police Department's compliance. Its noncompliance constitutes failure to obey the Subpoena and, as such, Plaintiff requests this Court to hold the Ferguson Police Department in contempt of court if the Ferguson Police Department fails to show an adequate excuse for its noncompliance.

WHEREFORE, Plaintiffs Ash-har Quraishi, Marla Cichowski and Sam Winslade respectfully request that this Court enter an order compelling the Ferguson Police Department to (i) immediately and fully comply with the Subpoena, and to (ii) show cause why the Ferguson Police Department should not be found in contempt for noncompliance.

Respectfully Submitted,

LATHROP & GAGE LLP

By: /s/Bernard J. Rhodes
Bernard J. Rhodes (EDMO #550712)
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108-2618
Telephone:    816.292.2000
Facsimile:     816.292.2001
brhodes@LathropGage.com

ATTORNEYS FOR PLAINTIFFS

**VERIFICATION**

I declare under penalty of perjury under the laws of the United States of America that I have read this Verified Motion to Compel Compliance with Subpoena *Duces Tecum* and Request for Order to Show Cause for Noncompliance by Non-Party Ferguson Police Department, and verify it is true and correct to the best of my knowledge and belief.

Executed on this 25th day of May, 2017.

/s/Bernard J. Rhodes

5

## CERTIFICATE OF SERVICE

I certify that a copy of the above was sent by email on May 25, 2017, to the following counsel of record:

>Holly E. Ragan
>Beverly E. Temple
>Rory P. O'Sullivan
>Office of the St. Charles County Counselor
>100 N. 3rd St., Ste. 216
>St. Charles, MO  63301
>hragan@sccmo.org
>btemple@sccmo.org
>rosullivan@sccmo.org

and by email and U.S. mail to:

>Chief Delrish Moss
>Commander Frank McCall
>Ferguson Police Department
>222 S. Florissant Road
>Ferguson, MO  63135
>dmoss@fergusoncity.com
>fmccall@fergusoncity.com

>>*/s/Bernard J. Rhodes*
>>An Attorney for Plaintiffs