**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| Ash-har Quraishi, Marla Cichowski, and Sam Winslade, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 16-cv-1320 NAB |
| v. | ) ) | |
| St. Charles County, Missouri, et. al. | ) ) | |
| Defendants. | ) | |

**COUNTY DEFENDANTS' RESPONSE TO
PLAINTIFFS' STATEMENT OF ADDITIONAL FACTS**

County Defendants submit the following response to Plaintiffs' Statement of Additional Facts.[1]

**The Police Trample on the First Amendment**

1.  On August 13, 2014, prior to Plaintiffs being tear-gassed by a member of the St. Charles County Regional SWAT Team, members of the St. Charles County Regional SWAT Team arrested Tracey White at the direction of a sergeant from the St. Louis County Police Department. (Def. Ans. ¶ 33).

**RESPONSE:** Uncontroverted.

2.  While the SWAT Team members were arresting Ms. White, she yelled to her son, "Get the CNN card; get the CNN card, William." (Rhodes Decl. ¶ 68 & Ex. Y).

**RESPONSE:** Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion."

---

[1] County Defendants object to Plaintiffs' headings as not properly supported facts under Rule 56 and request that the Court strike and not consider them.

Furthermore, this Court should also refuse to consider the exhibit referred to here as it is not properly "authenticated through personal knowledge" as is required with a summary judgment motion "where exhibits are introduced by being attached to an affidavit" or declaration. *Logan v. City of Pullman*, 392 F. Supp. 2d 1246, 1251 (E.D. Wash. 2005).

3.      As Ms. White was being arrested she asked the location of her son (who she had asked to get the CNN card), to which a sergeant from the St. Louis County Police Department responded: "You should have been more conscious of that before you ran your mouth." (Rhodes Decl. ¶¶ 68-72 & Ex. E).

**RESPONSE:** Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion."

4.      On August 13, 2014, prior to Plaintiffs being tear-gassed by a member of the St. Charles County Regional SWAT Team, members of the St. Charles County Regional SWAT Team arrested St. Louis City Alderman Antonio French at the direction of a sergeant from the St. Louis County Police Department. (Def. Ans. ¶ 38).

**RESPONSE:** Uncontroverted.

5.      The St. Charles County Regional SWAT Team's official "Offense/Incident Report" from August 13, 2014 expressly states in reference to Alderman French: "The subject sat in the driver's seat holding a phone in his hand as if he was recording the  line of officers." (Rhodes Decl. ¶ 20 & Ex. F, at SCC R26 06).

**RESPONSE:** Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion."

6.      Additionally, the report of SWAT Team member Darren Baker—who helped arrest Alderman French—expressly states: "[T]he man in the light colored vehicle remained inside holding up his phone in an obvious attempt to video tape the police response." (Rhodes Decl. ¶ 20 & Ex. H, at SCC R26 12).

**RESPONSE:** Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e). Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion."

7.      Later that evening—and just minutes before Plaintiffs were tear-gassed— KSDK photographer Tom Herman was video-recording an altercation between officers (including SWAT Team members Yadlosky and Thomas) and a man later identified as DeWayne Matthews in a ditch alongside West Florissant Avenue. (Matthews Pedigo Decl. ¶¶ 11-13 & Ex. A).

**RESPONSE:** Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because there is no indication that Ms. Mathews Pedigo has personal knowledge of these facts.

8.      The altercation occurred after officers had "shot the shit out of" Mr. Matthews with less-lethal ammunition. (Def. Ans. ¶ 46).

**RESPONSE:** Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because cited reference is an inadmissible hearsay statement that may not be considered for the truth of the matter asserted.

9.      While recording the altercation, a police officer fired a "rubber bullet" or similar large-caliber projectile at Mr. Thomas, whose equipment was hit by that bullet. (Matthews

Pedigo Decl. ¶¶ 14-16 & Ex. A).

**RESPONSE:**  Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because there is no indication that Ms. Mathews Pedigo has personal knowledge of these facts.

10.     The Eighth Circuit Court of Appeals has ruled that Mr. Matthews has a valid claim for violation of his civil rights over the altercation which Mr. Thomas was recording. *See White v. Jackson*, Case No. 16-3897, 2017 WL 3524496, at *11 (8th Cir. Aug. 1, 2017).

**RESPONSE:**  Controverted.  The Eighth Circuit Court of Appeals held that "that the district court erred in granting defendants Vinson, Bates, Patterson, and Payne qualified immunity with regard to Matthews' claims that officers had held his head underwater for three to five seconds, pepper sprayed him, and took turns punching and kicking him for two to three minutes" but affirmed the grant of summary judgment against Mr. Matthews' remaining claims. *White v. Jackson*, 865 F.3d 1064, 1080 (8th Cir. 2017).

**The County Defendants' False Police Reports**

11.     In the SWAT Team's official "Offense/Incident Report," it is stated as follows:

Three bright lights were pointing in the direction of officers from Highmont Drive and Gage Drive, which is located one block west of W. Florissant Avenue. The lights were hindering officer's vision and providing rioters behind the lights concealment. Rocks and bottles were being thrown at the officers from behind the lights. Since Deputy Anderson could not see what was behind the light and could not safely deploy rounds to that area he deployed a 40mm CS round in front of the lights in hopes the CS gas would drift behind the lights and get the rioters to leave the area. Items were still being thrown at officers from behind the lights after the CS round was deployed.

(Rhodes Decl. ¶ 20 & Ex. F, at SCC R 26 07-08).

**RESPONSE:**  Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion."

12.    The statement that "[t]he lights were providing rioters behind the lights concealment" is demonstrably false. (Winslade Decl. Ex. B).

**RESPONSE:**  Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because Exhibit B to Winslade's Declaration does not demonstrate that the statement is false.

13.    The statement that "[r]ocks and bottles were being thrown at the officers from behind the lights" is demonstrably false. (Winslade Decl. Ex. B).

**RESPONSE:**  Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because Exhibit B to Winslade's Declaration does not demonstrate that the statement is false.

14.    The statement that "[i]tems were still being thrown at officers from behind  the lights after the CS round was deployed" is demonstrably false. (Winslade Decl. Ex. B).

**RESPONSE:**  Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because Exhibit B to Winslade's Declaration does not demonstrate that the statement is false.

15.    The SWAT Team's official "Offense/Incident Report" also states that "[officers] observed the bright lights were two large flood lights on tripods and a video camera with a spot light mounted on top of it. For officer safety purposes they laid the lights on the ground and aimed the camera with the spot light towards the ground." (Rhodes Decl. ¶ 20 & Ex. F, at SCC R26 8) (emphasis added).

**RESPONSE:**  Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion."

16.     The statements that "the video camera [had] a spot light mounted on it" and that the "camera [had a] spot light" are demonstrably false. (Matthews Pedigo Decl. Ex. C; Winslade Decl. Ex. B).

**RESPONSE:** Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because Exhibit B to Winslade's Declaration and Exhibit C to Mathews Pedigo's Declaration do not demonstrate that the statement is false.

17.     Deputy Anderson's own report states as follows:

[T]here was a bright light that was being shined in our direction on Highmont Drive. This was an extremely bright light and was making it difficult to see the exact subjects throwing the objects. Subjects began throwing rocks again from the area of the light on Highmont Drive in our direction. I observed a glass break in in front of my feet.

(Rhodes Decl. ¶ 20 & Ex. G, at SCC R 26 11).

**RESPONSE:**  Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion."

18.     The statements that "subjects [were] throwing … objects," that "[s]ubjects began throwing rocks again from the area of the light on Highmont Drive in our direction," and that "I observed a glass break in in front of my feet" are demonstrably false.  (Winslade Decl. Ex. B).

**RESPONSE:** Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because Exhibit B to Winslade's Declaration does not demonstrate that the statement is false.

19.     The official Team Leader's Report states "[s]ubjects throwing objects at officers from … behind a news crew." (Rhodes Decl. ¶ 20 & Ex. I, at SCC R 26 15).

**RESPONSE:**  Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion."

20.     This statement is demonstrably false. (Winslade Decl. Ex. B).

**RESPONSE:**  Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because Exhibit B to Winslade's Declaration does not demonstrate that the statement is false.

21.     The official SWAT Team's "Synopsis of Events – Ferguson Protests" states: "Line starts  taking assault from  subjects behind … behind  media."  (Rhodes  Decl. ¶ 20 & Ex. J, at SCC R26 23) (emphasis added).

**RESPONSE:**  Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion."

22.     This statement is demonstrably false. (Winslade Decl. Ex. B).

**RESPONSE:**  Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because Exhibit B to Winslade's Declaration does not demonstrate that the statement is false.

23.     The official SWAT Team's "Synopsis of Events – Ferguson Protests" also  states: "Anderson 523 deploys 2 40mm CS rounds. … 1 directed beyond the intersection  of Highmont Dr / Gage Dr at a crowd which was throwing rocks, bricks, and bottles at  officers." (Rhodes Decl. ¶ 20 & Ex. J, at SCC R26 23) (emphasis added).

**RESPONSE:**  Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure

37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion."

24.    The statement that a "crowd … beyond the intersection of Highmont Dr / Gage Dr … was throwing rocks, bricks, and bottles at officers" is demonstrably false. (Winslade Decl. Ex. B).

**RESPONSE:** Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because Exhibit B to Winslade's Declaration does not demonstrate that the statement is false.

25.    The official SWAT Team's "Synopsis of Events – Ferguson Protests" also  states: "Press lights at Highmont Dr / Gage Dr. were placed on ground for safety reasons.  The camera was angled down so that the camera light would not illuminate the officers."  (Rhodes Decl. ¶ 20 & Ex. J, at SCC R26 23).

**RESPONSE:**  Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion."

26.    The statements that the "camera [had a] light" and that the "camera was  angled down so that the camera light would not illuminate the officers" are demonstrably  false. (Winslade Decl. ¶¶ 40-46 & Ex. B).

**RESPONSE:**  Uncontroverted.

27.    The official SWAT Team's "Synopsis of Events – Ferguson Protests" also  states that "Request was made earlier verbally to press to extinguish the lights." (Rhodes  Decl. ¶ 20 & Ex. J, at SCC R26 23).

**RESPONSE:**  Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure

37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion."

28.    This statement is demonstrably false. (Matthews Pedigo Decl. Exs. A-C; Winslade Decl. Ex. B).

**RESPONSE:** Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because Exhibit B to Winslade's Declaration and Exhibits A-C to Mathews Pedigo's Declaration do not demonstrate that the statement is false.  Furthermore, there is no indication that Ms. Mathews Pedigo has personal knowledge of Exhibit A.

29.    The official SWAT Team's "Synopsis of Events – Ferguson Protests" states that following the SWAT Team's return of Plaintiffs to their original location, and after Plaintiffs loaded their vehicle, "All Al Jazeera staff gave hugs to county SCC Regional SWAT officers." (Rhodes Decl. ¶ 20 & Ex. J, at SCC R 26 24).

**RESPONSE:** Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion."

30.    This statement is demonstrably false. (Cichowski Decl. ¶¶ 42-48; Winslade Decl. Ex. B).

**RESPONSE:** Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because Exhibit B to Winslade's Declaration does not demonstrate that the statement is false.

### The County's False Public Denials

31.    On August 14, 2014, the St. Charles County Sheriff Department spokesperson falsely stated that the St. Charles County Regional SWAT Team, which operates  the SWAT

Team, was not the agency that fired tear gas at Plaintiffs the prior evening.  (Def. Ans. ¶ 110).

**RESPONSE:** Defendants object pursuant to Rule 56(c)(2) in that the material cited to

support the alleged fact, Def. Ans. ¶ 110, does not support the fact as stated above that "the St.

Charles County Regional SWAT Team, which operates  the SWAT Team."

32.     Also on August 14, 2014, St. Charles County released an official statement,

which read as follows:

> Over the last few days, the St. Charles County Regional SWAT Team has assisted in
> Ferguson at the request of the St. Louis County Police Department to help respond to
> looting and for protection of the property of Ferguson citizens and businesses. On
> Wednesday, August 13th, video footage was taken of St. Charles County SWAT
> officers handling media camera equipment. The position of the St. Charles County
> Sheriff's Department is that the media has  the right to cover these events and supports
> the freedom of the press, and the SWAT Team has not been any part of attempting to
> prevent media coverage. In fact, last night the SWAT  Team officers were assisting the
> media in moving their camera equipment and media personnel to a safer area with their
> consent so that they could  continue to cover the event. The Sheriff has notified St.
> Louis County Police that the St. Charles County Regional SWAT Team is available to
> protect life and property but does not have a continued role in crowd control during
> this time of civil protest.

(Def. Ans. ¶ 112).

**RESPONSE:** Untroverted.

33.     The statement that "the SWAT Team has not been any part of attempting to

prevent media coverage" is false. (Cichowski Decl. ¶¶ 29-30; Matthews Pedigo Decl. 11-23 &

Exs. A-C; Quraishi Decl. ¶¶ 13-57 & Ex. A; Winslade Decl. ¶ 23-46 & Ex. B).

**RESPONSE:** Defendants object pursuant to Rule 56(c)(2) in that the material cited to

support the alleged fact cannot be presented in a form that would be admissible in evidence

because the cited sources do not demonstrate that the statement is false.  Additionally,

paragraphs 12 through 16, 18, 20, and the exhibits to Mathews Pedigo's declaration are not based

upon personal knowledge. Paragraphs 21-23 of Mathews Pedigo's declaration, paragraphs 13

and 34 of Quraishi's declaration, and paragraph 31 of Winslade's declaration do not establish

that those facts are related to members of the SWAT Team.

34.      The statement that "the SWAT team members were assisting the media in

moving their equipment and media personnel to a safer area with their consent so that they

could continue cover the event" is false. (Cichowski Decl. ¶¶ 42-48; Quraishi Decl. ¶¶ 39-50;

Winslade Decl. ¶¶ 40-46).

**RESPONSE:** Defendants object pursuant to Rule 56(c)(2) in that the material cited to

support the alleged fact cannot be presented in a form that would be admissible in evidence

because the cited references do not demonstrate that the statement is false.  Furthermore, this fact

is controverted by SOMF 77.

35.      The failure of the County to acknowledge in its statement that its officer had

fired the tear gas at the Plaintiffs is false and misleading, given that the County Defendants

admit Deputy Anderson fired the tear gas at the Plaintiffs. (*See* Def. Ans. ¶ 77).

**RESPONSE:** Defendants object pursuant to Rule 56(c)(2) in that the material cited to

support the alleged fact cannot be presented in a form that would be admissible in evidence

because the cited reference does not demonstrate the alleged fact.

### The St. Louis County Police Department is Relieved of Command

36.      On August 14, 2014, the same day the St. Charles County Sheriff issued his

statement, Governor Jay Nixon replaced the St. Louis County Police Department with  the

Missouri Highway Patrol as head of the Unified Command in Ferguson. (Rhodes Decl. ¶¶

51-52 & Ex. Q).

**RESPONSE:** Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal

Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure

37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion." Furthermore, this Court should also refuse to the exhibit referred to here is it is not properly "authenticated through personal knowledge" as is required with a summary judgment motion "where exhibits are introduced by being attached to an affidavit" or declaration. *Logan v. City of Pullman*, 392 F. Supp. 2d 1246, 1251 (E.D. Wash. 2005).

## The Missing Video Files

37.     Brandon Jones, a medic for the St. Charles County Regional SWAT Team,  carried his personal GoPro camera with him on August 13, 2014, while deployed with the  SWAT Team. (B. Jones Aff. ¶¶ 5).

**RESPONSE:**  Uncontroverted.

38.     The County Defendants produced to Plaintiffs 16 videos which Mr. Jones recorded that night, which are numbered "091" through "105" and "108." (Def. Ans. ¶¶ 185-86 & 189).

**RESPONSE:**  Uncontroverted.

39.     Despite having been formally asked to explain how files 106 and 107 are missing, the County Defendants have refused to do so. (Rhodes Decl. ¶¶ 38-43 & Exs. NO).

**RESPONSE:**  Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion." Furthermore, Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because the cited references, particularly Exhibit O to Rhodes' declaration, do not demonstrate that County Defendants "refused" to explain files 106 and 107.  Instead, County explained in the exhibit O

cited by Plaintiffs that:

> [T]he medic who took the videos and photos provided a copy of the videos and photographs to the County.  The County is not in possession of the originals.  The records produced to you previously and the records being produced for you now are the records as I received them, with no changes made by the County to file names or time stamps.  I am producing all of the photos and videos that the County received.

40.     Based on the timecodes of file 105 (9:35 p.m.) and file 108 (10:05 p.m.), the missing files, *i.e.*, files 106 and 107, would have been recorded between the time of 9:35 p.m. and 10:05 p.m. (Rhodes Decl. ¶ 44).

**RESPONSE:** Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion." Furthermore, Defendants object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because the cited references do not demonstrate personal knowledge or admissible evidence related to the time stamps.

41.     The Plaintiffs fled their location at 9:29 p.m., and returned to their location to retrieve their equipment at 9:46 p.m. (Winslade Decl. ¶¶ 31-33, & Ex. B, at timecode 22:29:09 & timecode 22:46:12 ).

**RESPONSE:** Unontroverted.

### Plaintiffs' Physical Injuries

42.     As a result of being tear-gassed, each of the Plaintiffs suffered physical symptoms for days, and Mr. Quraishi still suffers symptoms from being tear-gassed, and has sought medical treatment as a result. (Rhodes Decl. ¶¶ 57-59 & Exs. T-V).

**RESPONSE:** Plaintiffs failed to identify Mr. Rhodes as a witness, as required by Federal

Rule of Civil Procedure 26(a) or (e).  Accordingly, pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiffs are not allowed to use that "witness to supply evidence on a motion." Defendants further object pursuant to Rule 56(c)(2) in that the material cited to support the alleged fact cannot be presented in a form that would be admissible in evidence because the cited references do not demonstrate that Mr. Rhodes has personal knowledge of the facts alleged.

**OFFICE OF THE ST. CHARLES COUNTY COUNSELOR**

Holly E. Ragan

Holly E. Ragan #65118MO
Rory P. O'Sullivan #62388MO
Beverly E. Temple #36095MO
Associate County Counselors
100 N. Third Street
Suite 216
St. Charles, MO 63301
(636) 949-7540
hragan@sccmo.org
rosullivan@sccmo.org
btemple@sccmo.org

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of October, 2017, a true copy of the foregoing was delivered through the Court's Notice of Electronic Filing to:

Bernard J. Rhodes
LATHROP AND GAGE, LLP
2345 Grand Boulevard
Suite 2800
Kansas City, MO 64108

Holly E. Ragan