UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASH-HAR QURAISHI, et al., )<br>)<br>    Plaintiffs, )<br>)<br>  v. )<br>)<br>ST. CHARLES COUNTY, MISSOURI, et al., )<br>)<br>    Defendants. ) | Case No. 4:16-CV-1320 NAB |

## **MEMORANDUM AND ORDER**

Plaintiffs, who are journalists, filed this action against Defendants alleging violations of their constitutional rights during Plaintiffs' news coverage of protests in Ferguson, Missouri on August 13, 2014 following the death of teenager Michael Brown.

Defendants St. Charles County, Missouri and Deputy Michael Anderson filed a Motion to Dismiss Counts I, II, III, IV, V, and VI of Plaintiffs' Civil Rights Complaint[1] under 42 U.S.C. § 1983. [Doc. 21.] Plaintiffs Ash-har Quraishi, Marla Cichowski, and Sam Winslade filed a Memorandum in Opposition to Defendants' Motion to Dismiss [Doc. 25.] and a Motion for Leave to File a First Amended Complaint [Doc. 26.]. Defendants St. Charles County and Deputy Anderson filed a Reply Brief in Support of their Motion to Dismiss. [Doc. 35.] Defendants did not file a response to Plaintiffs' Motion for Leave to File a First Amended Complaint. Defendants St. Charles County, Missouri and Deputy Anderson filed a Motion for Summary Judgment as to all claims. [Doc. 53.]

First, the Court will grant Plaintiffs' Motion to File a First Amended Complaint. As the parties concede, Plaintiffs' proposed First Amended Complaint contains the same claims as the

---
[1] The remaining counts of the Complaint were against two John Doe defendants, who were dismissed from this action on July 28, 2017.

original complaint, with the exception of specifically alleging that the claims against Deputy Anderson are against him in his personal capacity. Defendants did not file a response and the time to do so has passed. [Doc. 26.]

Second, the Court will deny Defendants' Motion to Dismiss Counts I, II, III, IV, V, and VI of Plaintiffs' original complaint as moot. Because the First Amended Complaint is the same as the original complaint with the exception of the specific allegations of personal liability against Deputy Anderson and this issue is the substance of Defendants' motion to dismiss, the motion to dismiss is moot as to Deputy Anderson. The motion to dismiss is moot as to St. Charles County, because Defendants have filed a motion for summary judgment on those claims.

Defendants requested that if the Court granted Plaintiffs' motion to file an amended complaint, they be allowed to conduct limited discovery and submit supplemental briefing on the personal liability claims against Deputy Anderson. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 237–238 (1974)). "Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 166 (citing *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978)). "It is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* "Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Id.*

Because of the extensive record on the parties' summary judgment briefing, the Court does not know what additional discovery needs to be taken. Nevertheless, the Court will grant

the parties forty-five days to conduct additional discovery concerning the personal liability of Defendant Deputy Michael Anderson only. The Court will then allow the parties to submit supplemental briefing on Deputy Michael Anderson's personal liability no later than February 5, 2018 with responses due February 19, 2018. Then, for purposes of judicial economy, the Court will review Defendants' pending summary judgment motion and any supplemental briefing as applied to Plaintiffs' First Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint is **GRANTED**. [Doc. 26.]

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss is **DENIED as moot**. [Doc. 21.]

**IT IS FURTHER ORDERED** that Plaintiffs shall file their First Amended Complaint no later than **December 18, 2017**. Defendants shall file their answer to Plaintiffs' First Amended Complaint no later than **January 2, 2018**.

**IT IS FURTHER ORDERED** that the parties may conduct discovery limited solely to the personal capacity claims against Deputy Michael Anderson and such discovery must be concluded no later than **January 29, 2018**.

**IT IS FURTHER ORDERED** that any supplemental briefing to Defendants' Motion for Summary Judgment regarding the personal capacity claims against Deputy Michael Anderson should be filed no later than **February 5, 2018**. Any responses to the supplemental briefing should be filed no later than **February 19, 2018**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Reply to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment in Excess of Fifteen Pages is **GRANTED**. [Doc. 62-3]

**IT IS FURTHER ORDERED** that the trial date currently set for **January 16, 2018** is **VACATED** and will be reset at a later date.

Dated this 15th day of December, 2017.

        /s/ Nannette A. Baker
     NANNETTE A. BAKER
     UNITED STATES MAGISTRATE JUDGE