UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ASH-HAR QURAISHI, et al.,

    Plaintiffs,

v.

ST. CHARLES COUNTY, MISSOURI, et al.

    Defendants.

Case No. 4:16-CV-1320-NAB

## AMENDED CASE MANAGEMENT ORDER - TRACK 2: STANDARD

The Court held a Zoom Status Conference in this action on March 11, 2021. All parties were represented by counsel. After discussion with the parties, the Court enters this Amended Case Management Order. This Amended Case Management Order supersedes the original Case Management Order and amendment thereto. (Docs. 18, 37.)

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

    **I.    SCHEDULING PLAN**

1.    This case shall be referred to alternative dispute resolution on **April 1, 2021**, and that reference shall terminate on **June 1, 2021**.

2.    If the parties reach a settlement, they may inform chambers by calling **314-244-7470**.

3.    A final pre-trial conference is set for **September 9, 2021** at **10:00 AM.**

    **II.    ORDER RELATING TO TRIAL**

This action is set for a **JURY** trial on **September 13, 2021**, at **9:00 AM**. This is an **eight-day** docket.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1. **<u>Stipulation:</u>**

Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation.

2. **<u>Witnesses:</u>**

    (a) Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

    (b) Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **<u>Exhibits:</u>**

    (a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced. The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

    (b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

    (c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing at least ten (10) days prior to trial may be considered waived.

4. **<u>Depositions, Interrogatory Answers, and Request for Admissions:</u>**

    (a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. At least ten (10) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

    (b) Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

### 5. <u>**Jury Instructions**</u>

File their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least ten (10) days before trial in light of opposing party's requests for instructions. (The instructions shall consist of two sets of full and complete trial instructions. One set shall include at least one (1) pertinent citation for each requested instruction; the other set shall not include any citation or indicate which party has submitted it). At trial, counsel should have jury instructions available on a CD or flash drive in a word-processing format to assist the Court in making necessary changes.

### 6. <u>**Findings of Fact, Conclusions of Law and Trial Brief:**</u>

Submit to the Court and to opposing counsel full, complete, and specific findings of fact and conclusions of law, together with a trial brief, citing authorities, in support of said party's legal theories and discussing any anticipated substantive or procedural problems.

### 7. <u>**Motions in Limine:**</u>

File all motions in limine to exclude evidence, and submit a courtesy copy directly to the Court's chambers, at least ten (10) days before trial.

Failure to comply with any part of this Order may result in the imposition of sanctions.

*/s/ Nannette A. Baker*
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of March, 2021.